*State v. Jackson*, 937 P.2d 545, 550 (Utah Ct.App.1997) (first quoting *Anderson*, 910 P.2d at 1240 (Stewart, J., concurring in the result); then citing *State v. Larocco*, 742 P.2d 89, 95 n. 7 (Utah Ct.App.1987) (stating that any departure from Fourth Amendment case law "should be announced by our state's supreme court, not this court."), *rev'd on other grounds*, 794 P.2d 460 (Utah 1990)); *cf. DIRECTV v. Utah State Tax Comm'n*, 2015 UT 93, ¶¶ 44–46, 364 P.3d 1036 (declining to "embark on a constitutional[ ] ... journey" when asked to extend federal dormant commerce clause precedent because the United States Supreme Court's current approach does not seem to point in that direction and because it is not the province of the Utah Supreme Court to embark on that journey). Accordingly, we decline to depart from the path of federal law and conclude that under the automobile exception, as interpreted in *Labron*, the law enforcement officers in this case were only required to have probable cause to justify the search of Rigby's vehicle under the automobile exception to the warrant requirement of either the federal or Utah constitutions. *See State v. Despain*, 2007 UT App 367, ¶¶ 13–16, 173 P.3d 213. Because there is no dispute that the officers here had probable cause for a search, the trial court did not err in denying Rigby's motion to suppress.[6]

## CONCLUSION

¶ 29 For the reasons stated above, the judgment of the trial court is affirmed.

2016 UT App 51

**STATE of Utah, in the interest of L.R.C., A Person Under Eighteen Years of Age.**

**L.R.C., Appellant,**

v.

**State of Utah, Appellee.**

**No. 20140466–CA.**

Court of Appeals of Utah.

March 17, 2016.

Margaret P. Lindsay and Douglas J. Thompson, Attorneys for Appellant.

Sean D. Reyes, Salt Lake City and Cherise M. Bacalski, Attorneys for Appellee.

Judge GREGORY K. ORME authored this Memorandum Decision, in which Judges J. FREDERIC VOROS JR. and KATE A. TOOMEY concurred.

Memorandum Decision

ORME, Judge:

¶ 1 L.R.C. was adjudicated delinquent in juvenile court for failure to stop at police command, a class A misdemeanor if commit-

ted by an adult, *see* Utah Code Ann. § 76–8–305.5 (LexisNexis 2012); possession of drug paraphernalia, a class B misdemeanor if committed by an adult, *see id.* § 58–37a–5(1)(a)–(b); and possession or use of marijuana, also a class B misdemeanor if committed by an adult, *see id.* § 58–37–8(2)(a)(i), (d) (Supp. 2015). On appeal, L.R.C. argues that the juvenile court committed plain error by admitting hearsay testimony. L.R.C.'s challenge to the admissibility of evidence is legally indistinguishable from the same issue that was presented in the appeal taken by his

brother, with whom he was adjudicated below. *See In re J.C.*, 2016 UT App 10, ¶ 3, 366 P.3d 867. For the reasons stated in *In re J.C.*, we affirm the juvenile court's adjudication of L.R.C.[1]

1. Unlike in *In re J.C.*, 2016 UT App 10, 366 P.3d 867, where the appellant also challenged the adequacy of the evidence supporting his adjudication, *see id.* ¶¶ 13, 28–29, L.R.C. does not challenge the adequacy of the evidence supporting

the adjudication as to him. And the observation made by Judge Voros in *In re J.C.* applies with equal force in the instant case. *See id.* ¶ 32 (Voros, J., concurring).